UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIZABETH S. BURKE,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CASE NO. 3:20-CV-5863-DWC<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EAJA FEES AND EXPENSES |

Pending before the Court is Plaintiff's Motion for Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 30. Defendant objects to the Motion, contending the number of hours expended in this case was excessive and therefore the requested fee award should be reduced. Dkt. 32.

STANDARD

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United

States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).

The Court has an independent duty to review the itemized log of hours to determine the reasonableness of time spent on each case. *See Hensley*, 461 U.S. at 433, 436-37. However, "a district court can impose a reduction of up to 10 percent—a "haircut"—based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012)(citing *Moreno v. City of Sacramento*, F.3d 1106, 1111 (9th Cir. 2008)).

DISCUSSION

Plaintiff was the prevailing party insofar as the Court reversed the Commissioner's denial of benefits and remanded his case for further proceedings. Dkt. 27. According to Plaintiff's Counsel the Commissioner's original denial of benefits and defense of that position before this Court was not substantially justified, and the fees incurred were reasonable. Dkt. 33. Plaintiff's Counsel requests EAJA fees of $8,454.69 for 38.3 attorney hours (of which 35.4 attorney hours were spent reviewing the file and drafting the opening brief), and 2.5 paralegal hours of work

completed in 2020 and 2021, as well as expenses in the amount of $6.79 for postage. Dkt. 30-2 at 2.[1]

The Commissioner does not argue substantial justification, but insists Plaintiff's Counsel's hours were excessive and should be reduced by ten percent ($845.47), for a total fee award of $7609.22. Dkt. 32 at 2. Accordingly, this Court must determine whether Plaintiff's Counsel spent a reasonable amount of time on this case.

"When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible. As *Hensley* described it, the explanation must be 'concise but clear.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (emphasis in original, citations omitted). "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which encompasses the lodestar method. *Hensley*, 461 U.S. at 433, 435.

The Commissioner urges the Court to follow its recent rulings in *Wilkinson v. Comm'r of Soc. Sec.*, Case No. 3:19-CV-6143-DWC (W.D. Wash. Feb. 11, 2021) (approximately 1200-page record, with 28.5 hours to review the file and draft opening brief involving commonplace facts and arguments), *Wareham v. Comm'r of Soc. Sec.*, Case No. 3:20-CV-5371-DWC (W.D. Wash. Aug. 27, 2021) (1,027-page record, with 30.9 hours to review the file and draft opening brief, which raised four of the five issues litigated in *Wilkinson*), and *Yong v. Comm'r of Soc. Sec.*, Case No. 3:20-CV-5493-DWC, 2021, WL 4244506 (W.D. Wash. Sept. 17, 2021) (540-page

---

[1] Notably, Plaintiff's attorney applied a "billing judgment reduction" of 3.5 hours to this number; actual attorney time spent on this case was 40.7 hours. *See* Dkt. 30-2 at 2.

record, with 24.8 hours to review the file and draft opening brief, which raised four of the five issues litigated in *Wilkinson*) all finding Plaintiff's Counsel billed excessive hours.

In these cases the Court noted that the mean time expended on the Opening Brief in similar matters in this District was 17.9 hours, with the mean record length being 1,534 pages. *See e.g.*, *Wilkinson*, 3:19-CV-6143-DWC. The case at bar involved a 1451-page record (Dkt. 19), which is below the mean, and 35.5 hours spent preparing an Opening Brief, which is far above the mean. The above cases also considered the fact that Plaintiff's Counsel is a seasoned attorney who has specialized in Social Security appeals for the past twenty-eight years and repeatedly presents the same arguments in his cases. *Id*.

While the Court finds comparison to other cases informative in assessing the reasonableness of fee requests, the Court focuses on the facts and specifics of the case at bar, which was remanded for further administrative proceedings to reevaluate one examining physician's opinion and reassess Plaintiff's subjective complaints. Dkt. 27 at 15. Notably, despite having been repeatedly warned by this District that lengthy summaries of the medical evidence unrelated to any meaningful argument are not helpful,[2] Plaintiff's Counsel once again included in his opening brief six pages summarizing medical evidence the ALJ largely credited. Dkt. 24 at 3-9. Moreover, the arguments presented by Plaintiff's Counsel were not unusual or complex. *See* Dkt. 24 at 2.

---

[2] *See, e.g.*, *Bonnie H. v. Comm'r of Soc. Sec.*, Case No. 3:20-cv-05975-JRC, Dkt. 32 at 4 (W.D. Wash. Dec. 7, 2021); *Brian C. v. Comm'r of Soc. Sec.*, Case No. 3:20-cv-05390-JRC, Dkt. 24 at 14 (W.D. Wash. May 12, 2021); *Charles B. v. Comm'r of Soc. Sec.*, Case No. 3:18-cv-05313-JRC, Dkt. 31 at 7 (W.D. Wash. Oct. 24, 2019); *Ashley H. v. Comm'r of Soc. Sec.*, Case No. 3:18-cv-05755-JLR, 2019 WL 3387451, at *2 (W.D. Wash. July 26, 2019); *John M. v. Comm'r of Soc. Sec.*, Case No. Case No. 3:18-cv-05494-RBL, 2019 WL 2005778, at *3 (W.D. Wash. May 7, 2019); *Rachel S. v. Berryhill*, Case No. 3:18-cv-05377-RSL, 2019 WL 1013469, at *4 (W.D. Wash. Mar. 4, 2019)).

In sum, the Court concludes that Plaintiff's Counsel spent an unreasonable amount of time on this case, and a 10 percent reduction in total fees is appropriate. Thus, the Court awards Plaintiff's Counsel fees in the amount of $7609.22, as well as $6.79 in expenses.

## CONCLUSION

The Court hereby grants Plaintiff's Motion (Dkt. 30), in part, and awards Plaintiff's Counsel fees in the amount of $7609.22, as well as $6.79 in expenses.

The Commissioner shall contact the Department of Treasury to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that Plaintiff does not owe a debt, the government shall honor Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Eitan Kassel Yanich, Plaintiff's counsel. If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program and standard practices, and the check shall be mailed to Plaintiff's attorney Eitan Kassel Yanich at his address: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501.

Dated this 10th day of January, 2022.

David W. Christel
United States Magistrate Judge